## J. H. BURROW ET AL. v. L. D. SANDERS.

1. CERTIORARI. *Agricultural lien law.*
   Certiorari lies, by virtue of Code 1871, § 1336, to remove to the Circuit Court a case under the agricultural lien law (Acts 1876, p. 109) decided by a justice of the peace.

2. SAME. *Practice in Circuit Court. Judgments.*
   The Circuit Court should, in such case, examine the questions of law appearing on the face of the record and proceedings, and affirm or reverse the justice's judgment.

3. SAME. *Immaterial error. Supreme Court.*
   Although the *certiorari* is erroneously dismissed, the judgment of the Circuit Court will not be disturbed, if the same result would be reached by examining the questions of law presented by the record and proceedings.

4. AGRICULTURAL LIEN LAW. *Judgment. In rem. In personam.*
   In a proceeding under the agricultural lien law, a justice can give no judgment against a defendant for the sum due the plaintiff other than one to be satisfied out of the property seized. *Hartsell* v. *Myers, ante,* 135, cited.

5. SAME. *Costs. Personal judgment therefor.*
   He may, however, render a personal judgment against a defendant for any balance of costs not paid by the property seized, after paying the plaintiff what is due him.

6. SAME. *General judgment. How limited.*
   The judgment in such a case, although expressed in general terms, should be construed with reference to the nature of the proceeding as regulated by law and exhibited by the record.

ERROR to the Circuit Court of Lee County.

Hon. J. A. GREEN, Judge.

The defendant in error, as landlord, obtained a writ of seizure before a justice of the peace against his tenant, for fifty dollars rent due, and made J. H. Burrow and others defendants on the ground of their interest in the produce seized. The defendants presented their claims before the justice, who rendered thereupon the judgment that, " the plaintiff have and recover of the defendants the sum of fifty dollars and the costs by him in this behalf expended, and that all the produce levied on by said writ of seizure is condemned hereby to be sold to pay said sum, and if there is any overplus of money

left after paying said sum, then said overplus shall be applied to the payment of the costs as far as it will go, and should there be no overplus, the whole of the costs shall be levied upon the goods and chattels, lands and tenements of the defendants." When the plaintiffs in error had, by *certiorari*, brought the case to the Circuit Court, the defendant in error moved to dismiss, on the grounds that the writ was inapplicable to a seizure under the agricultural lien law, and that no error appeared in the record or proceedings before the justice, and accordingly the court dismissed the writ.

*W. J. Cole* and *Blair & Clifton*, for the plaintiffs in error.

1. The writ of *certiorari* applies to cases arising under the agricultural lien law in justices' courts. Acts 1876, p. 114, § 13. Code 1871, § 1336, providing for the writ, applies to all cases arising in justices' courts, and, as a statute regulating a remedy, should be liberally construed. No statute prohibits that method of reviewing cases of this character. The writ is of common-law origin, and may be granted by the circuit judge whenever it is promotive of justice. Code 1871, § 533; *Holberg* v. *Macon*, 55 Miss. 112; 1 Tidd's Prac. 398.

2. No personal judgment can be rendered in case of seizure of agricultural products under this statute. Acts 1876, p. 111, § 6. A judgment for costs *in personam* is as erroneous as one for the entire debt. The only order which the justice can make is that the property seized, being subject to the debt, shall be sold to satisfy the same and the costs. The judgment in the record, however, is a general one for both debt and costs. Even if there was no error in the record, the dismissal was improper. Under Code 1871, § 1336, an affirmance or reversal is the only judgment which the Circuit Court can render.

*J. D. Barton*, for the defendant in error.

1. The writ of *certiorari*, at common law, can issue only when there is no other remedy. *Delahuff* v. *Reed*, Walker, 74. It will not lie if an appeal can be had. *Holberg* v. *Macon*, 55 Miss. 112. Appeal, the only remedy provided by the agricultural lien law (Acts 1876, p. 114, § 13), is in this, as in prior similar statutes, so guarded as to speedily terminate the litigation. Acts 1872, p. 133. The spirit of the legislation

concerning agricultural liens is adverse to the allowance of the *certiorari*, which, if granted, would tend to protract the proceeding.

2. No error is apparent in the record of the proceeding before the magistrate, and the presumption therefore is, that the judgment is correct. *Lee* v. *Bennett*, 31 Miss. 119 ; *Cason* v. *Cason*, 31 Miss. 578 ; *Duncan* v. *M'Neill*, 31 Miss. 704. No part of the judgment for the debt can, by its terms, be enforced except out of the products seized ; but, after those products are exhausted, the balance of costs can be collected from the defendants. Regarding form, it is not a judgment *in rem*. *Brown* v. *Levee Commissioners*, 50 Miss. 468 ; *Lee* v. *Newman*, 55 Miss. 365. The costs were properly adjudged. *McCartey* v. *Kittrell*, 55 Miss. 253. An affirmance would have carried damages and concluded the case ; Code 1871, §§ 1334, 1336 ; while dismissal was in comparison a benefit to the plaintiff in error of which he cannot be heard to complain.

*Nugent & McWillie*, on the same side.

CAMPBELL, J., delivered the opinion of the court.

Sect. 1336 of the Code of 1871, provides that "all cases decided by a justice of the peace may, within six months thereafter, on good cause shown by petition, supported by affidavit, be removed to the Circuit Court of the county by a writ of *certiorari.*" There is nothing in the act entitled, "An Act to provide for Agricultural Liens, and for other purposes," approved April 14, 1876, inconsistent with this provision of the Code ; and therefore it was admissible to remove the case decided by a justice of the peace to the Circuit Court by writ of *certiorari*.

The case having been thus removed to the Circuit Court of the county, the court should have examined the questions of law, " on the face of the record and proceedings," and should have affirmed or reversed the judgment of the justice, Instead of this the court dismissed the *certiorari*. This was not proper, but, if the same result was attained as would have been if the questions of law presented upon the "face of the record and proceedings" had been examined, the judg-

ment of the Circuit Court should not be disturbed, whatever may have been the view which produced it.

The fair construction of the judgment of the justice of the peace, from a view of the whole record of the proceedings before him, is that the money due the plaintiff in the suit was to be made out of the cotton seized, and that any excess of the proceeds of the cotton over the sum necessary to pay the plaintiff should be applied to the payment of costs, and that for any balance of the costs, not thus paid, execution should go against the defendants. The justice had no right to give any judgment against the defendants for the sum due the plaintiff, other than a judgment to be satisfied out of the cotton seized in the proceeding. *Hartsell* v. *Myers, ante,* 135. He had a right to adjudge the costs against the defendants, and did so, directing the application to their payment of any sum arising from the sale of the cotton after satisfying the demand of the plaintiff. The judgment of the justice would not sustain an execution for any thing except the costs.

Although the judgment is expressed in general terms, these terms are limited by a consideration of the nature of the proceeding, as regulated by law, and exhibited by the whole record. The statute confines the judgment to the property seized, and the claim of the plaintiff in the suit, as set forth in his affidavit, was made against the tenant as his debtor, and not against the plaintiffs in error, who were named as having some interest in or claim upon the cotton against which the plaintiff asserted a paramount right, and who were summoned to contest with the plaintiff as to the right to the cotton, and not as to liability for his demand, which was not asserted against them as debtors. They were not liable for the debt, and were not sought to be charged with it. They were liable for costs, and the legal effect of the judgment is to fix their liability for so much of the costs as should not be made by a sale of the cotton, after paying the plaintiff what was due him.

*Judgment affirmed.*